UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERIE TUTTLE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:09-CV-1288 (CEJ) |
| | ) |
| STERIS CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the joint motion of defendant DS Smith Plastics, Ltd. and defendant Worldwide Dispensers to dismiss for lack of personal jurisdiction. Plaintiffs oppose the motion, and the issues are fully briefed.

Plaintiff Cherie Tuttle initiated this action in the St. Louis County Circuit Court to recover damages for injuries she sustained in a slip and fall accident. She alleges that she slipped on a liquid substance that had leaked from a dispenser manufactured, designed and distributed by the defendants. Plaintiff Dwight Tuttle asserts a claim for loss of consortium. On August 13, 2009, defendants removed the action to this Court, asserting jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332.

### I. Background

In the motion to dismiss, DS Smith states that it is incorporated in and has its principal place of business in England. According to the affidavit of one of its directors, DS Smith owns no property in the United States and has no directors, managers or employees in the United States. The affidavit also states that DS Smith has never had an agent or employee conducting business in the United States and has never engaged in any transactions in Missouri. According to the affidavit, there is "no limited company within the group of companies headed by D.S. Smith Plc by the name of

'Worldwide Dispensers,' United Kingdom, formally known as Waddington and Duval, which is simply a trading name of DS Smith Plastics." (Doc. #67-2). DS Smith also states that it has never manufactured, designed, sold or marketed any products in Missouri.

Plaintiffs assert that DS Smith directs its products into Missouri and conducts substantial business within the United States. Plaintiffs submit a photograph which they claim shows that the spigot on the dispenser involved in this case is marked "Waddington and Duval, London, England." Plaintiffs also submit pages from DS Smith's website which contains the following statements:

> Located in the metropolitan area of London, England, [Waddington and Duval] was incorporated in 1956 and became part of the Packaging Division of the DS Smith Group . . . in 1989.
>
> In 1999, Waddington and Duval changed its name to Worldwide Dispensers, aligning the company with its strategy of becoming more global . . .
>
> The US Sales office is located at the Hedwin Corporation in Baltimore, Maryland. Hedwin has been the company's exclusive U.S. Distributor since 1971.
>
> Worldwide Dispensers is a part of DS Smith Plastics.

(Doc. #75-1).

> DS Smith Plastics businesses operate from locations worldwide with representation in Europe, USA, Israel, New Zealand and Australasia.

(Doc. #75-2)

Finally, plaintiff submits a page from the Hedwin website that lists contact information for its distributors in Kansas City, Missouri and in St. Louis, Missouri. (Doc. #75-3).

II. Discussion

"Once a defendant has challenged a federal court's jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists." Burlington Indus., Inc. v. Maples

Indus. Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990)). To survive a motion to dismiss for lack of personal jurisdiction, however, "the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). To determine whether the plaintiff has made such a showing, "the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." Id. When a district court's jurisdiction over a defendant is challenged, "the court may inquire, by affidavits or otherwise, into the facts as they exist." Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (quoting Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).

In diversity cases, a federal district court must apply the law of the forum state to determine whether personal jurisdiction may be asserted over a party. See Fed. R. Civ. P. 4(e); Lakota Girl Scout Council, Inc., v. Havey Fundraising Management, Inc., 519 F.2d 634, 637 (8th Cir. 1975). Two prerequisites must be met to establish personal jurisdiction over a nonresident defendant. The forum state's long-arm statute must be satisfied and the due process clause must not be violated. St. Jude Medical, Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001). Missouri has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution. See Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000); State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo. 1982). Because the Missouri long-arm statute confers jurisdiction to the limits of due process, the question here is whether the exercise of personal jurisdiction over DS Smith would violate due process. See Lakin v. Prudential Securities, Inc., 348 F.3d 704, 707-08 (8th Cir. 2003).

There are two theories under which due process allows a court to exercise

personal jurisdiction: Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008).

> A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). The plaintiff must make a prima facie showing, however, that the defendant's contacts were not "random," "fortuitous," or "attenuated." Id. at 774, 104 S.Ct. 1473. Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008). The Eighth Circuit has specified that a determination of whether either theory has been met requires analysis of five factors:

> To evaluate the sufficiency of a defendant's contacts, we consider five factors, affording the first three primary importance: 1) the nature and quality of the defendant's contacts with the forum state; 2) the quantity of such contacts; 3) the relation of the cause of action to the contacts; 4) the interests of the forum state in providing a forum for its residents; and 5) the convenience of the parties. Burlington Industries, Inc. v. Maples Industries, Inc., 97 F.3d 1100, 1102 (8th Cir.1996). The third factor-the relation of the cause of action to the contacts-applies only in the specific jurisdiction context and is immaterial in a general jurisdictional inquiry.

Steinbuch, 518 F.3d at 586. "Both theories of personal jurisdiction require 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Dever v. Hentzen Coatings, Inc., 380 F.3d 1070 (8th Cir. 2004) (quoting Hanson v. Denckla, 357 U.S. 235 (1958)). Thus, the Court must determine whether DS Smith had minimum contacts with Missouri and, if so, "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).

Plaintiffs claim that DS Smith purposefully directed its activities toward Missouri while DS Smith claims that the presence of their product in Missouri was the result of acts by unaffiliated third parties. "While mere placement of a product into the stream of commerce, without more, is insufficient to constitute purposeful availment," the Eighth Circuit has recognized jurisdiction over "a state's exercise of jurisdiction over a seller who delivered its products to a regional distributor with an expectation that the distributor would penetrate the forum state." Id. at 587-88 (citing Vandelune v. 4B Elevator Components Unlimited, 148 F.3d 943 (8th Cir.1998)). The Eighth Circuit, elaborating on the two standards described in Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987), has evaluated the presence of jurisdiction based upon the amount of control a defendant had in the distribution of its products and forseeability of being haled in to court in the forum state. See Barone v. Rich Bros. Display Fireworks Co., 25 F.3d 610, 613 (8th Cir.1994) (foreign fireworks producer's alleged lack of knowledge of distribution did not prevent jurisdiction); Guinness Import Co. v. Mark VII Distributors, Inc., 153 F.3d 607 (8th Cir.1998) (foreign beer manufacturer whose title over the beer passed to importer in Jamaica and who exercised no control over selection of distributor in the United States not subject to jurisdiction in Minnesota); Stanton v. St. Jude Med., Inc., 340 F.3d 690 (8th Cir.2003) (no personal jurisdiction over manufacturer of component part used in heart valve that did not have control over distribution or marketing of final product).

Although plaintiffs have submitted evidence which contradict many of DS Smith's claims about the extent of their business activities in the United States, they have not satisfied their burden of showing that DS Smith directed those activities toward Missouri. Plaintiffs have submitted evidence showing that Worldwide Dispensers' website lists Hedwin Corp., also a defendant here, as its exclusive U.S. distributor.

They also show that Hedwin's website lists contact information for two distributors in its distribution network which are located in Missouri. This is insufficient to show that DS Smith did anything more then place its products in a worldwide stream of commerce which happened, through the acts of several different third parties, to end up in Missouri. Further, DS Smith's contacts with Missouri are similar to other cases in this Circuit which have found jurisdiction to be lacking. Based on the similar cases noted below and the relevant factors provided in Burlington, 97 F.3d 1100, the Court concludes that defendants DS Smith Plastics and Worldwide Dispensers should be dismissed from this action for lack of personal jurisdiction.

Neither party has addressed how the spigot at issue here made its way from England to St. Louis, Missouri. Nor have they provided any information about the prevalence of DS Smith products in Missouri, the degree of control it exercises over the distributor or the marketing, if any, DS Smith conducts in Missouri. However, based upon the information plaintiffs have submitted, this case is similar in the quality and quantity of contacts and their relation to the alleged injury found insufficient by other courts to allow personal jurisdiction over a foreign defendant. See Staple Cotton Coop. Assoc. v. D.G. and G., Inc., 631 F.Supp.2d 1168 (E.D. Mo. 2007) (the three Burlington facts relating to contacts are of primary importance).

Like the defendant in Staple Cotton, DS Smith utilized an exclusive distributor whose sales territory included Missouri. Id. at 1172. Even more compelling, the evidence submitted by plaintiffs here suggest that Hedwin itself utilized a distribution network of independent distributors, two of which are located in Missouri. This provides yet another layer of unaffiliated third parties that are responsible for the distribution of DS Smith's products. Also, similar to Staple Cotton defendant and other cases in which there was a lack of personal jurisdiction, the DS Smith's product is a

component part, and there is no evidence showing that the company exercises control over the marketing and distribution of the filled disinfectant dispensers. Id.; See also Stanton, 340 F.3d 690 (finding a lack of jurisdiction over defendant who manufactured component of a defective heart valve); Steinbuch, 518 F.3d 580 (finding insufficient contacts where defendant was "not responsible for the distribution of its books and [lacked] formalized ties to Arkansas such as a bank account, a registered agent, a corporate office, or real estate." Id. at 587); Asahi Metal Indus. Co., 480 U.S. 102 (emphasizing defendant's foreign citizenship and lack of control over distribution and marketing of final product).

This case is also distinguishable from instances in which other courts within the Eighth Circuit have upheld jurisdiction over a foreign defendant. See Clune v. Alimak AB, 233 F.3d 538 (8th Cir. 2000) (manufacturer created and controlled distribution network; U.S. distributor was a subsidiary of defendant with common board of directors membership); Vandelune v. 4B Elevator Components Unlimited, 148 F.3d 943 (8th Cir.1998) (defendant designed product specifically for the U.S. market, shipped its products directly to plaintiff, and held technical support meetings 80 miles from forum state); Barone v. Rich Bros. Interstate Display Fireworks Co., 25 F.3d 610 (8th Cir. 1994) (defendant sold final product to six strategically located regional distributors).

Because the Court finds that plaintiffs have failed to show that DS Smith and Worldwide Dispensers purposefully availed themselves of the privilege of conducting activities in Missouri, it is unnecessary to examine the relative convenience of the parties and whether jurisdiction over these defendants would comport with the notions of fair play and substantial justice. Also relevant, plaintiffs have not requested leave to conduct jurisdictional discovery, nor have they claimed that additional discovery

would affect the Court's decision herein. See <u>Steinbuch v. Cutler</u>, 518 F.3d at 589 (remanding for jurisdictional discovery where court's denial of discovery request was an abuse of discretion).

III. Conclusion

For the foregoing reasons, plaintiffs have not met their burden of establishing personal jurisdiction over defendants D.S. Smith Plastics and Worldwide Dispensers.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants DS Smith Plastics, Ltd. and Worldwide Dispensers to dismiss for a lack of personal jurisdiction [Doc. #67] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' claims against defendants DS Smith Plastics, Ltd. and Worldwide Dispensers are **dismissed without prejudice**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2011.